Jones, J.
Clara Huseman, the daughter of the ancestor, died intestate without issue. Did the title to the ten acres obtained by Mrs. Huseman in the manner stated come to her by purchase or inheritance? If by purchase, it passed, on her death intestate and without issue, to her husband, the plaintiff in this action, under the provisions of Section 8574, General Code; if the title came to her by descent it passed to the husband for life only, under Section 8573, General Code. The court of appeals held that her whole title to the ten-acre tract came to her by descent.
When the coparceners came to make partition they agreed among themselves that the one who bid the largest amount for the tract in question should receive such tract, and the excess value so bid therefor should be equally distributed among all the coparceners. The homestead was located upon this tract and it was found to be impossible to separate the fifty-acre tract into five parcels of equal value. Thereupon Mrs. Huseman in the competitive bidding for this tract bid the sum of $2,975, which was to recompense the other coparceners for the lesser values of the other tracts. The bid for the improvements thereon did not alter the character of the transaction, for the homestead inhered in the tract *117 as a part of it, as did its fences and trees; it was not a chattel, where removal was contemplated and agreed upon, but it was to remain as a part of the real estate.
Where the common property of coparceners was not susceptible of equal partition of their several moieties, and a larger portion to one or more coparceners was agreed upon by the parties, or authorized by the court, the other coparceners to be paid therefor, such excess was known to the common law as owelty of partition. Our consideration here is to determine whether the payment of such owelty will convert what might otherwise be an estate of inheritance into one of purchase.
Section 8573, General Code, provides that “when a person dies intestate, having title or right to any real estate or inheritance in this state, which title came to such intestate by descent,” it shall descend and pass in parcenary, in default of children or their legal representatives, to the relict of the intestate for life.
Section 8574, General Code, provides that if the estate came by purchase, in default of children or their legal representatives, it vests in the relict of the intestate.
In this state it is well settled than an amicable proceeding in partition does not decide title or create any new title, but merely dissolves the common tenancy, allowing each coparcener to possess his own parcelled share in severalty. (Tabler v. Wiseman, 2 Ohio St., 208.) Had this partition been made by severing the land into parcels, where each coparcener selected his parcel and mutual releases were executed therefor, there is no doubt that the *118 ancestral character of the separate parcels would have been preserved, and that the title thereto would pass by descent. That principle was sustained in the amicable partition involved in Carter v. Day, 59 Ohio St., 96. However, this case presents a different aspect.
In its opinion the trial court found that the several tracts, irrespective of improvements thereon, were about equal in value; that the ten acres selected by Mrs. Huseman were worth from five hundred and fifty to six hundred dollars per acre. Because of the homestead upon the selected tract, Mrs. Huseman under the agreement was to pay the excess value due to the improvements. This was a consideration agreed upon and to be paid by the coparcener grantee, for which she became personally liable.
Had the voluntary partition merely contemplated severance of the unity of possession, without a price paid the other coparceners, no new title would have been created. But when the partition assumed the character of bargain and sale, where the grantee agreed to pay the other heirs $2,300 for their four-fifths of this selected tract, the tract could not be deemed to have been acquired “by operation of law” which comes within the definition of title by descent. Let us assume these five tracts had come from an ancestor in separate parcels, and that Mrs. Huseman had said “I will take the homestead tract and pay the other four heirs $2,300; you release your interest to me and I will release to you, severally, my interest in the other four tracts,” and an .agreement to this effect had been consummated, can there be any doubt that such acquirement of the homestead tract would have been by purchase? Yet *119 this was the operative effect in this case. The principle here announced is sustained by the case of Freeman v. Allen, 17 Ohio St., 527; but the trial court was misled in its application by a dictum found in Lawson v. Townley, 90 Ohio St., 67, at page 72.
The case of Freeman v. Allen, supra, applies here. There a partition was ordered by the court, and an appraisal made of two separate lots. The several coparceners elected to take the lots at the appraisement, which election was approved by the court, and a sheriff’s deed ordered. It was there held that the title to so much of the land as came to the intestate by inheritance still remained a title by descent, but that the title acquired to the remainder was one of purchase. Applying the rule there announced, it follows that the title of Mrs. Huseman to the extent of the one-fifth thereof which she acquired by inheritance still remained a title by inheritance, and that the remaining title, the title of her coparceners, was acquired by paying compensation beyond the grantee’s share, and so became a title by purchase. Day, C. J., in the Freeman case demonstrates the distinction between title by descent and by purchase, defining the latter to be a title vested by act or agreement of a grantee. The court there holds that the excess interest over and above his own moiety was not acquired by the simple act of partition, but by the grantee’s action in assuming “a pecuniary obligation equal to the whole value of the land above the two-ninths that the law cast upon them [him] at the decease of the common ancestor.” On page 531 the learned judge says: “Under this section, the party electing to take the land can obtain title to it only by paying there *120 for the full value above his own share. Here, then, it is manifest that the title is procured by the ‘act of the party,’ and that it is not cast upon him by ‘operation of law.’ This is the manner in which title is acquired under this statute; and to the extent that it is so acquired, it falls more clearly "within the definition of title by purchase than that of iitle by descent.” And the learned judge further states that the coparcener electing to take the land was held to have therein a moiety of title ‘ ‘ cast upon him by law to the extent of his inheritance, and with the residue of the title to the full estate perfected by his own act.”
So here, Mrs. Huseman having a fifth interest in the property by descent, purchased the interests of the other heirs therein. Carter v. Day, supra, recognizes this principle. No owelty or excess value was paid in that case; there was simply a mutual exchange of deeds, “where each one receives [received] no more than his proper share of the land.” Williams, J., commenting on the fact that there is no difference between an amicable and a statutory partition, said on page 102: “The controlling fact common to both is, that each parcener receives in severalty no greater estate than he before held in c-ommon.”
The dictum in Lawson v. Townley, supra, found on page 72, implying that the nature and extent of title is unchanged where an election is made after appraisement in a judicial proceeding, is wholly unwarranted under the authority of Freeman v. Allen, supra, unless possibly in a case where the parcels are appraised as of equal value. Or, if the judge delivering the opinion intended to say that title to *121 the inherited portion was unchanged, such implication would arise in the latter case.
Applying to the instant ease the principles stated, it is obvious that when Mrs. Huseman assumed the obligation and agreed to pay the excess value for the land selected by her, she received more than had been held in common by her, and, furthermore, that she did not receive the whole title by operation of the statute of descent; that to the extent of the balance beyond her inherited moiety she was a purchaser thereof.
We therefore hold that to the extent of one-fifth of the tract selected by her, Clara Huseman took title by descent, which upon her dying intestate passed under Section 8573, General Code. To the extent of the remaining title acquired by her under the amicable partition as aforesaid, she obtained the title thereto by purchase, which upon her intestacy passed under the provisions of Section 8574, General Code.
The judgments of the lower courts are therefore modified to conform to this opinion, and the cause remanded to the court of common pleas of Cuyahoga county for further proceedings according to law.

Judgment modified.

Wanamaker, Robinson and Matthias, JJ., concur.
Marshall, C. J., Hough and Clark, JJ., dissent.